IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EDWARD ARNEILL HARPER                                                                             PLAINTIFF

      v.                              Civil No. 4:10-cv-04063

CAPTAIN BELLEW, Texarkana Work
Release Center; BOBBY LONG, Plant
Manager, M&M Milling; and the TEXARKANA
WORK RELEASE PROGRAM                                                                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Edward Arneill Harper (hereinafter Harper) filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Harper is currently incarcerated in the Mississippi County Work Release Center located in Luxora, Arkansas. The events at issue in this lawsuit occurred while Harper was assigned to the Texarkana Work Release Center in Texarkana, Arkansas.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me for pre-service screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### BACKGROUND

According to the allegations of the complaint, Harper was assigned to the Texarkana Work Release Program and obtained a job at M&M Milling. Harper indicates his first day went well and his supervisors all agreed that he was performing well. On some unspecified date, Harper asserts he complained to Bobby Long, the plant manager. about a fellow employee being intoxicated, telling

Harper he was not to do certain things, and yelling at him. Although he had been hired as a tractor driver, Harper states after he reported the conduct of the fellow employee, he was belittled for the next few days by being told to sweep the floors, clean and mop the bathrooms, and other similar chores.

Harper has attached to the complaint a disciplinary violation he received. (Doc. 2 pg. 9). The violation form indicates Harper was charged with a disciplinary violation on August 17, 2009. *Id.* The code violation listed is 02-4, employment misconduct. *Id.* The notice of the charge states as follows:

> At approx 3PM on the date of 8-17-09, I Cpt Bellew received a telephone call from Bobby Long (W/M) Plant Manager of M&M Milling. Mr. Long stated that he was terminating employment of Inmate E. harper #121420. Mr. Long stated that inmate E. Harper complained all the time, was informed to do his work and that he would state I'm doing more than the other guys. Mr Long stated that inmate E. Harper questioned everything that he was asked to do.
>
> Therefore due to the above stated facts I Cpt Bellew am charging inmate E. Harper ADC # 121420 with rule violation 02-4. Rule Violation 02-4: Employment Misconduct--Quitting a work release job without prior approval, getting fired for misconduct, tardiness or shirking duties, failure to notify center staff when too ill to work.

*Id.*

A disciplinary hearing was held on August 24, 2009. (Doc. 2 pg. 9). Harper made the following statement: "I always had good attitude and I did not complain I told supervisor about an inmate yelling at me all the time this complaint happened on a Wed. And I had working 5 days and I did not complain about anything just doing my job. This man is racist and the other inmate is white and he didn't want to listen to me or how the other inmate was ordering me around." *Id.* at pg. 10.

Harper was found guilty of the disciplinary violation and given fifteen days suspended commissary, phone, and visitation and his good time class was reduced to Class II. (Doc. 2 pg. 10). The factual basis of the decision was set forth by the Hearing Officer Joanna Franklin. *Id.* It was

noted that the information purporting to exonerate the inmate was discounted because the staff report was accepted. *Id.* at pg. 11.

Harper appealed the decision to the Warden and it was affirmed. (Doc. 2 pg. 7). Harper then appealed the decision to the Hearing Officer Administrator and again to the Director of the Department of Correction. *Id.* at pgs. 5-6. The decision was affirmed at each step of the process.

As relief, Harper is requesting lost wages. He also asks that the loss of class he suffered as a result of the disciplinary he received be reversed.

## DISCUSSION

Harper's claims are subject to dismissal. First, with respect to the disciplinary charge, Harper was given notice, an opportunity to be heard, an opportunity to present witnesses, and an opportunity to appeal. Due Process requires no more. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66, 570 (The procedures include: written notice of the charges, a brief period to prepare, a written statement of the evidence relied on and the reasons for the disciplinary action, and the ability for the inmate to call witnesses and present documentary evidence).

Second, Bobby Long is a private individual and not subject to suit under 42 U.S.C. § 1983. A Plaintiff may only bring a suit under § 1983 against a person acting under color of state law to remedy constitutional violations or violations of certain rights created by federal statute. *See e.g., Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* (citation and internal quotation marks omitted).

Third, to the extent the complaint can be read to assert a defamation claim, it is subject to dismissal. "[D]efamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*,

638 F.2d 60, 62 (8th Cir. 1981). *See also Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983). The Supreme Court has held that a person's interest in her reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), *aff'd* 29 Fed. Appx. 676 (2d Cir. 2002).

Finally, a work release center or a program is not a person subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

## CONCLUSION

I therefore recommend that the complaint be dismissed as the claims are frivolous or fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). The dismissal of this case will constitute a strike under the provisions of 28 U.S.C. § 1915(g). The clerk should be instructed to place a § 1915(g) strike flag on the case.

**Harper has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

**may result in waiver of the right to appeal questions of fact. Davis is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of September 2010.

                                        /s/ Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        UNITED STATES MAGISTRATE JUDGE